UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PRISCILLA REED,

    Plaintiff,

vs.                                  Case No.:

UNITED STATES OF AMERICA,

    Defendant.
_____/

## **COMPLAINT**

Plaintiff, Priscilla Reed, sues the Defendant, United States of America, and alleges:

1. This is a claim for medical malpractice and is brought against Defendant, the United States of America, pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, et seq.

2. Jurisdiction is appropriate pursuant to 28 U.S.C. § 1346 (b). Venue is appropriate in the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. § 1402 (b) because the acts and omissions giving rise to this action occurred in this District.

3. Plaintiff has presented her claim to the appropriate Federal Administrative Agency, to wit, the Department of Veterans Affairs, and the

department finally denied Plaintiff's claim on August 18, 2020, and this Court therefore has jurisdiction pursuant to 28 U.S.C. § 2675.

4. Priscilla Reed is a Veteran of the United States Armed Forces, was entitled to the medical services and treatment from the VA, and had received medical services and treatment from the VA for a number of years.

5. All applicable conditions precedent, including all pre-suit requirements, to the bringing of this action have been satisfied and the undersigned counsel certifies that he has made a reasonable investigation of the facts and circumstances surrounding the care and treatment provided to Priscilla Reed at James A. Haley Veterans' Hospital and that investigation has given rise to a good faith belief that grounds exist for this action against the Defendant.

6. At all times material hereto, Defendant owned, operated, controlled, and maintained the James A. Haley Veterans' Hospital, a VA hospital and medical clinic in Tampa, Florida.  Defendant, its agents and employees, accepted Priscilla Reed as a patient, created a doctor-patient relationship with her, and held themselves out as competent to provide hospital, medical, nursing, physician, pharmacy, and custodial care and services for her.

7. Defendant, at all times material and described herein, acted by and through its agents and employees when treating Priscilla Reed and Defendant's agents, employees and servants were acting within the scope of their agency and employment when caring for Ms. Reed.

8. On or about February 6, 2019, Priscilla Reed presented to James A. Haley Veterans' Hospital for a routine blood draw.

9. During the venipuncture for the routine blood draw, the phlebotomist missed her vein and instead struck a nerve or nerves in Priscilla Reed's left arm, resulting in injury to her.

10. The injury Priscilla Reed received to the nerve or nerves during the venipuncture has resulted in pain, tingling, numbness and loss of dexterity in her left arm, hand and fingers.  Ms. Reed has been diagnosed as suffering from Complex Regional Pain Syndrome, also known as Reflex Sympathetic Dystrophy Syndrome (RSD).

11. Defendant, acting by and through its agents and employees, negligently furnished and failed to provide appropriate medical, nursing, and phlebotomy care to Priscilla Reed, which negligence was a proximate cause of the nerve injury and resulting RSD to Ms. Reed's left arm, hand and fingers.

12. In addition, while seeking care from the VA for the injury caused by their negligence, defendant refused to treat Priscilla Reed's nerve injury to her left arm, hand and fingers and, in its Rating Decision of August 14, 2019, denied her claims for benefits and future treatment to which she was otherwise entitled. The VA's refusal to provide care and treatment of Ms. Reed's nerve injury caused Ms. Reed to seek care and treatment from physicians outside of the VA resulting in a delay in treatment of her injury and has aggravated and exacerbated the injury to Ms. Reed's nerves causing further damage to her.

13. Defendant and its agents and employees had an obligation and a duty of reasonable care in treating Ms. Reed and to appropriately perform the venipuncture for Priscilla Reed's routine blood draw in a fashion and in a manner within the prevailing professional standard of care.

14. Defendant and its agents and employees breached their duties of reasonable care, were negligent, and breached the prevailing professional standard of care in caring for and treating Priscilla Reed, by among other things:

(a) failing to appropriately perform a venipuncture on Priscilla Reed's left arm;

(b) failing to take action to address any nerve injury that, with the exercise of reasonable care, should have been identified;

(c) failing to timely discover, diagnose, treat, and care for Priscilla Reed's nerve injury and subsequent RSD; and

(d) negligently performing a blood draw in such a fashion to cause an injury to Ms. Reed's nerves.

15. As a direct and proximate result of the Defendant's negligence described above, Priscilla Reed suffered from injury to the nerves in her left arm, hand and fingers; pain, tingling, numbness and loss of dexterity in her left arm, hand and fingers; the development of Complex Regional Pain Syndrome, also known as Reflex Sympathetic Dystrophy Syndrome (RSD), in her left arm, hand and fingers that is incurable and untreatable; and further medical complications therefrom.

16. But for the Defendant's negligence described above, Priscilla Reed would not have suffered pain, tingling, numbness and loss of dexterity in her left arm, hand and fingers, and the development of Complex Regional Pain Syndrome, also known as Reflex Sympathetic Dystrophy Syndrome (RSD), in her left arm, hand and fingers that is incurable and untreatable, and complications that followed.

17. As a direct and proximate result of the above described incident and specifications of negligence, Priscilla Reed has in the past and will in the future suffer and incur the following damages: cost and expense of medical

care, attention and treatment, the cost and expense of travel necessary to secure said medical care, attention and treatment, and the cost of related medical expenses; loss of earnings and a loss or impairment of earning capacity and working ability; physical and mental pain and suffering; disability and physical impairment; disfigurement; mental anguish; inconvenience; and loss of capacity for the enjoyment of life.

**WHEREFORE**, Priscilla Reed prays for recovery of money damages against Defendant and for costs and interest as provided by law.

/s/ Alan F. Wagner
ALAN F. WAGNER, ESQUIRE
Florida Bar No. 0374105
Trial Counsel for Plaintiff
Wagner McLaughlin, P.A.
601 Bayshore Blvd., Suite 910
Tampa, Florida  33606
Telephone:  (813) 225-4000
Facsimile:   (813) 225-4010
AlanWagner@WagnerLaw.com